E. D. MYERS AND J. R. MYERS, *Partners as Myers Brothers*, v. JOHN P. COLE.

1. ATTACHMENT, *Sustained.* *Held,* Under the circumstances of this case, that the ruling of the judge of the court below in overruling two motions to discharge an attachment is sustained by sufficient evidence.

2. ———— *Held,* That the evidence shows that the plaintiff's claim was due when the action was commenced.

3. ATTACHMENT—*Sufficient Levy.* Where an officer levies an attachment upon certain goods subject to a chattel mortgage and takes possession of the goods, as against all persons except the mortgagee, and the defendant in the attachment is wholly divested of his possession of the goods,

*held,* that the levy is sufficient as to the defendant, whether it be sufficient, or not, as to some third person who claims some interest in the goods and who may not be wholly and entirely divested of his possession.

4. VALID BOND; *Presumption.* Where an attachment bond or undertaking is given and approved by the clerk of the district court, and the bond appears to be valid upon its face, and no objection to the bond is made in the district court, *held,* that the bond is valid, and that it will be presumed that the defendant was perfectly satisfied with the bond.

### *Error from Shawnee District Court.*

ACTION by *Cole* against *Myers Brothers.* An order of attachment was issued therein, and levied upon certain personal property belonging to the defendants. They bring to this court for review, the rulings of the district judge overruling their two motions to discharge the attachment. The facts are sufficiently stated in the opinion.

*W. A. S. Bird,* for plaintiffs in error.

*W. P. Douthitt,* and *Frank Herald,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on an account, brought in the district court of Shawnee county, by John P. Cole against E. D. Myers and J. R. Myers, partners doing business under the firm-name and style of Myers Brothers. An order of attachment was issued in the case, and levied upon various articles of property belonging to the defendants. On September 29, 1883, the defendants filed a motion in the district court to discharge the attachment; and on October 5, 1883, this motion was heard by the judge of that court, at chambers, and the motion was overruled. Afterward, and on October 12, 1883, the defendants filed another motion in the district court to discharge the attachment, which motion was heard on November 21, 1883, before the judge of that court, at chambers, and the motion was overruled. Afterward, and on February 15, 1884, a trial was had in the case upon the merits of the action, both parties appearing; and as a result of such trial, judgment was rendered in favor of the plaintiff and against

the defendants, for the amount of the plaintiff's claim, to wit, $788.50, and also for costs of suit, and the attached property was ordered to be sold to satisfy such judgment. The defendants, as plaintiffs in error, now bring the case to this court and ask for a reversal of the rulings of the judge of the court below upon their motions to discharge the attachment. It does not appear that the defendants below, plaintiffs in error, desire to have the judgment of the court below on the merits, or the order of the court below ordering the property to be sold, reversed, but simply desire to have the rulings of the judge of the court below on their motions to discharge the attachment reversed. And for the purpose of having these rulings reversed, the defendants rely upon the four following propositions:

"*First*, That the attachment is not sustained by sufficient evidence.

"*Second*, That the claim sued upon was not due at the time of the bringing of the attachment proceedings, and that said attachment proceedings were instituted without an order of the court, as by statute in such case required.

"*Third*, That the levy of said attachment was and is not a legal levy, and therefore void.

"*Fourth*, That said attachment bond or undertaking is wholly insufficient and void."

We shall consider these propositions in their order.

I. We think the attachment was sustained by sufficient evidence; but whether it was, or not, we suppose we cannot tell; for probably we do not have all the evidence before us that was submitted to the judge of the district court. The defendant in error, plaintiff below, claims that such evidence has not all been brought to this court; and we would think from the record that probably such is the case. We think, however, there is enough evidence in the record to sustain the attachment. The affidavit upon which the attachment was issued states nearly all the statutory grounds for attachments, and we think the evidence introduced on the hearing of the motions sufficiently proved two or three of such grounds. We think it is wholly unnecessary to discuss the evidence in-

troduced on the hearing of these motions, as the question whether the attachment was sustained by sufficient evidence, or not, is a question merely of fact, and not one of law.

II. The claim of the plaintiff was certainly due when the action was commenced. The evidence introduced on the hearing of the motions clearly showed it to be due; and the plaintiff finally obtained a judgment in the district court against the defendants for the full amount of his claim, on a trial upon the merits of the action, at which trial both parties appeared.

III. The plaintiffs in error, defendants below, also claim that the levy of the attachment is void; for the reason that the officer levying the same did not take the exclusive possession of the property levied upon. It seems that the property had previously been mortgaged by the defendants below to L. M. Crawford; and the officer made his levy upon the property subject to the prior mortgage lien of Crawford. The officer did take the possession of the property, and he took such possession to the exclusion of the rights of every person except those of Crawford. He divested the defendants of their possession, and he put the property into the possession of a man by the name of H. W. Rowles. The defendants, however, now claim that Rowles was an employé of Crawford; but even if that were true, we cannot see how it could make any difference so far as the defendants are concerned, nor how it could give to them any right to dispute the completeness of the officer's levy. Indeed, we cannot see how it could make any difference, so far as the defendants are concerned, even if the officer had left the property in the possession of Crawford himself; for the record shows that the defendants consented that the property should be left in Crawford's possession. The levy was certainly good as against the defendants; and whether it was good, or not, as against Crawford, or as against third persons, is not a question in this case. The defendants were totally divested of their possession; they no longer had any possession of or control over the property; and they have never since had the possession of or control over the same; and whether the officer got much

or little by his levy as against Crawford, or as against other persons than the defendants, is a question which the defendants have no right to raise or to litigate.

IV. The plaintiffs in error, defendants below, claim that the attachment bond or undertaking is wholly insufficient and void. Now the bond appears to be good upon its face, and it was approved by the clerk of the district court; but if it was in fact insufficient, it devolved upon the defendants below to move the court to require that it be made sufficient, or that additional security should be given. Nothing of this kind was done; and it is now too late, and it must now be presumed that the defendants were perfectly satisfied with the bond.

The ruling of the judge of the court below on the defendants' motions, and the judgment of the court below, will be affirmed.

All the Justices concurring.